City of Saint
Louis
v.
Rogers.

Error to the Circuit Court of St. Louis county.

### W. Primm for Appellant.

The only question presented by the transcript in this cause is, can a justice of the peace entertain jurisdiction of a set-off against a municipal corporation? The act regulating justices' courts, Rev. L. L. p. 348, §5, declares that no justice of the peace shall have cognizance of any action against a corporation.

Aside from any enactment on the subject, the right of set-off as a defence to an action does not exist, and defendants are thrown upon their cross action.

In England and in this country, the right to plead a set-off as a defence to an action is given by statute.

The act regulating set-off, Rev. L. L. p. 579, §1, applies to cases where there is a reciprocal indebtedness between *natural* persons.

In no part of our laws, except in the criminal code, is the distinction between natural persons and corporations done away with, so that the section 9, p. 354, Rev. L. L. of the act regulating justices' courts, must be construed to give the right of set-off in these courts to natural persons litigant alone.

A party sued by a corporation then, if he has a demand against that corporation, is thrown upon his cross action, and a set-off filed in such a case, becomes essentially a cross action, of which the magistrate has no jurisdiction. If there be no jurisdiction in the justice, the appellate court cannot have it by the mere fact of the set-off having been filed with the justice of the peace.

### A. Hamilton for Appellee.

The question is, can a defendant set-off, in a suit brought

MAY TERM,
1841.

City of Saint
Louis
v.
Rogers.

by a corporation against him before a justice of the peace? And if not, can the set-off be allowed in the upper court?

1st. The statute concerning justices' courts, R. C. 354, sec. 9, in express terms, gives the right of set-off, (except in two instances, inapplicable here,) in all cases where such set-off is allowed by the statute regulating set-off, R. C. 579, This latter act, sec. 1, allows the set-off wherever there is a mutual indebtedness between two or more persons.    This includes the case in which either or both of the parties litigant are corporations.   15 Johns. R. 381–2, and cases there cited.   The act. sec. 4, p 348, excludes from the jurisdiction of the justices of the peace actions against any rightful executor or administrator, or any corporation.   That the legislature did not regard a set-off as an action or mean to deprive the defendant of his set-off in these cases, is manifest, as well from the 9th section of the act, which in express terms points to and adopts the statute regulating set-offs, as from the 13th section of the law, p. 355, which recognizes the right of set-off in a suit brought by an executor or administrator, and defines the character and effect of the defence when established.   The act concerning the revised statutes, secs. 26 and 27, p. 383, includes bodies corporate under the general expression "persons."

2d. If not entitled to his set-off before the justice of the peace, the defendant having duly filed it there, can establish it in the upper court, which tribunal is, by the law, as a court of the first instance, where the proceedings are had de novo, without reference to the errors of the justice, secs. 8 and 16, pp. 370, 371.

*Opinion of the Court by Tompkins, Judge.*

The city of St. Louis commenced its suit against Rogers for the sum of fifty dollars and ninety-two cents.   Rogers appeared and pleaded an offset of fifty dollars, which not being allowed by the justice of the peace, and judgment being rendered against him for the whole amount of the demand, he appealed to the circuit court, where his offset was allowed, and the city had judgment for ninety-two cents only.

To reverse this judgment of the circuit court this writ of error is prosecuted.

MAY TERM, 1841.

City of Saint Louis v. Rogers.

The first section of the act regulating set-off, provides that if any two or more persons are mutually indebted in any manner whatsoever, and any one of them commences an action against the other, one debt may be set off against the other, although such debts are of a different nature ; and by the 26th and 27th sections of the act concerning the revised statutes, it is declared that when any person is spoken of, bodies corporate, as well as individuals, shall be deemed to be included. See page 383 of the digest of 1835. But by the 5th section of an act to establish justices' courts, &c., p. 348 of the digest of 1835, justices of the peace are denied jurisdiction of any action against any rightful executor or administrator, or any corporation. This was evidently intended for the convenience of the executors, administrators, and corporations. But we have no evidence that the legislative power desired to deprive any person whom either an executor, administrator, or corporation might sue before a justice, of his right to set off; although the books tell us that a set-off is in the nature of a cross action. But on the contrary, the 13th section of the 3d article of the act to establish justices' courts, expressly recognizes this right as against executors and administrators, and provides that if a balance be found due to such defendant, it shall be evidence of a debt established, but that no execution shall issue thereon ; because the estate may not be solvent, and it is the province of the county to settle estates, and order the debts paid as money is raised. No such provision ought to have been made in favor of corporations, and if they elect to descend into the justices' courts, evenhanded justice requires that they should abide the consequence. The legislature never could have intended that such institutions should be protected from the just demands of the defendant in a justice's court while the executor or administrator was expressly made liable for the balance found against him in any suit he might institute before a justice. The judgment of the circuit court ought hen to be affirmed, and such also being the opinion of the court, it is affirmed.

*The statute of set-off (R. C. 1835, page 579) is not restricted to natural persons, but extends to corporations, and the right of set-off exists in suits by corporations before justices of the peace.*